IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEPHEN S. GREGERSON AND
DEBRA K. GREGERSON,

    Plaintiff,

v.

STATE OF WISCONSIN, *et al.*,

    Defendants.

OPINION and ORDER

Case No.  15-cv-549-wmc

*Pro se* plaintiffs Stephen S. Gregerson and Debra K. Gregerson are among a thankfully small group of people who believe that they are not subject to the nation's tax laws despite continuing to enjoy all of the other rights their citizenship affords. They bring this civil action to establish their believe is correct as a matter of law by suing 47 individual federal, state and local government entities and employees, including Governor Scott Walker, Attorney General Brad Schimel, several local judges, county officials and the director of the International Operations of the Internal Revenue Service.[1] They also filed several hundred pages of exhibits with their complaint, consisting primarily of tax documents and letters they have sent to various government officials. Because their claims are frivolous, this federal court lacks subject matter jurisdiction and this lawsuit must be dismissed.

BACKGROUND

The Gregersons identify themselves as "non-taxpayers," and they allege that the defendants have improperly collected income and property taxes from them for years.

---

[1] A few months after they filed their initial complaint, plaintiffs' filed an amended complaint, which the court will, therefore, treat as the operative pleading. (Dkt. #6.)

1

Under various conspiracy and fraud theories, they now seek compensatory and punitive damages, as well as repayment of all taxes paid to the IRS, and an injunction to prevent further collection of taxes.

The Gregersons are proceeding *pro se* and have paid the $400 filing fee. Normally, the next step would be for the court to issue a summons and direct the Gregersons to serve it and a copy of the complaint on defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Before doing so, however, this court is obligated to confirm that it has subject matter jurisdiction over the case. *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). The court may also review and dismiss a case that is obviously frivolous, malicious or devoid of merit. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (district court may dismiss fee-paid complaint if claims are "so attenuated and unsubstantial as to be absolutely devoid of merit") (citation omitted).

## OPINION

Because they are *pro se* litigants, the Gregersons are held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even construing their complaint generously, however, the court must dismiss the case as frivolous.

Throughout their amended complaint and in the several hundred pages of exhibits attached to it, the Gregersons argue that they cannot be taxed because: (1) they have not "voluntarily" consented to taxation; and (2) the Constitution does not permit "direct taxation." The complaint consists of a confusing, mishmash of legalese and misinterpretation of U.S. history, culminating in facially erroneous legal conclusions, including the misapplication of various provisions from the Uniform Commercial Code. They also contend that their real property cannot be taxed because they own it pursuant to a "land patent" issued by the federal government. Finally, they string together a laundry list of claims for conspiracy, trespass, fraud and other common law torts, none of which are supported by specific allegations of fact against the numerous government officials and entities they purport to sue.

All of the plaintiffs' theories and claims are long-discredited in earlier lawsuits brought by so-called "sovereign citizens" against federal, state and local government defendants under similar assertions of illegitimacy. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and "frivolous"). There can be no debate that the United States Constitution allows taxation. *See* Const. Art. 1, § 8; amend. XIV. The laws in Wisconsin also require people to pay both income and property tax. Wis. Const. Art. VIII, § 1; Wis. Stat. ch. 70 (property tax), ch. 71 (income tax).

Although certain types of property and income are certainly exempt from taxation, nothing in the plaintiffs' complaint suggests any legitimate exemptions from income or property tax apply to them. For example, some of their documents point to a "land

3

patent," that plaintiffs' claim grants them "sovereign control" over their property, but a land patent is simply the "equivalent to fee simple ownership," *Van Zelst v. CIR*, 100 F.3d 1259, 1261 (7th Cir. 1996), which means that land acquired by patent *is* subject to regulation and tax like any other private property. *Id*. Similarly, plaintiffs argue that their benefits under Wisconsin's employee trust fund are tax exempt, but ETF funds are explicitly subject to income tax. Wis. Stat. § 40.08(1).[2] Finally, while they argue that the IRS should not be permitted to place tax liens on their Social Security disability benefits, the IRS is expressly authorized to garnish Social Security benefits to collect unpaid federal income taxes. 26 U.S.C. § 6334(c).[3]

Even more fundamental, plaintiffs' various allegations of common law fraud and conspiracy do not implicate any viable federal claim. For example, plaintiffs claim conspiracy by the State of Wisconsin based on its Department of Justice's alleged refusal to disclose information related to the representation of another state agency, the Department of Administration. Plaintiffs also claim a conspiracy existed to deprive them of money that they should not have had to pay.

None of these allegations suggest illegal actions, much less violations of federal law. They simply suggest that government officials were conducting state government business with which the Gregersons disagree. Not only is there no basis for a federal

---

[2] Plaintiffs' argument to the contrary is all the more remarkable because it depends on others paying taxes to fund their wages, while they be excused from doing the same.

[3] Again, the irony of this position is palpable, given that plaintiffs are essentially arguing the government should ignore their tax liability while paying them from funds covered out of current tax dollars (and deficit spending) for which other individuals living in the United States are being compelled to pay (or be ultimately held responsible).

lawsuit, the state actors would also be immune from suit generally, or at least on a qualified basis.

In sum, the Gregersons' claims are wholly frivolous and will be dismissed for lack of subject matter jurisdiction. *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010) ("[A] suit that is utterly frivolous does not engage the jurisdiction of the federal courts.").

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 4th day of October, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge